**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE, TRUCK INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, MID-CENTURY INSURANCE COMPANY, AND FARMERS NEW WORLD LIFE INSURANCE COMPANY,<br><br>            Plaintiffs,<br><br>vs.<br><br>MEGAN FLANAGAN MILLS and FLANAGAN MILLS INSURANCE AGENCY, LLC d/b/a FLANAGAN MILLS AGENCY,<br><br>            Defendants. | Civil Action No. 6:21-cv-06477-EAW |

## ORDER OF PRELIMINARY INJUNCTION ON CONSENT

This matter coming to be heard by joint application of the parties, pursuant to Federal Rule of Civil Procedure 65, and the Court being advised that the Parties have reached agreement:

IT IS HEREBY ORDERED:

1. Defendants, their employees and agents, and all persons or entities under their direction or control are enjoined from directly or indirectly soliciting, servicing, or accepting business from any current Farmers' customer formerly serviced by Megan Flanagan Mills prior to April 1, 2021. Farmers will provide to Defendants' counsel under an outside attorneys' eyes only designation a list of customers that fall in this category as of the date of this Order. Except as provided in this Order, Defendants' counsel shall not disclose any of the names to Defendants or any other person. Before selling an insurance policy to a current Farmers customer, Defendants will contact their counsel and counsel will check the individual's name against the list provided by Farmers. If the individual's name is on the list, Defendants' counsel will so inform Defendants,

1

who will inform the customer that there is an ongoing lawsuit and a court order prohibiting the Flanagan Mills Agency from assisting them at this time. Defendants' counsel will notify Farmers' counsel of the name of the customer. Defendants, their employees and agents, and all persons or entities under their direction or control are further enjoined from using "Farmers Information" to accomplish the soliciting, servicing, or accepting of such business. "Farmers Information" means Farmers' non-public manuals, lists and records of any kind, including (a) information pertaining to Farmers' policyholders and expirations, including (b) information printed off of or downloaded from Farmers' computer systems, including eCMS, Farmers' Agency Dashboard, SIMS, and Salesforce, and (c) mailing, phone, and email lists or address labels of Farmers' customers. This paragraph does not apply to the Defendants' servicing of customers who have already transferred policies from Farmers through the Defendants. Defendants may continue servicing their current customers and renewing existing policies but may not solicit or accept new business from any current Farmers customer formerly serviced by Defendants for any line of business underwritten by Farmers.

    2.    Defendants' agreement to the prohibitions contained in paragraph 1 are not to be construed as an admission of any fault, wrongdoing or liability, and Defendants do not concede enforceability of any restrictive covenants at issue in this litigation. The prohibitions in paragraph 1 shall remain in effect from the entry of this Order until December 1, 2021 to give the parties an opportunity to explore an amicable resolution of this case. The parties agree to pursue settlement discussions in good faith in the interim and, if the case is not resolved by December 1, 2021, to confer regarding a potential extension of the prohibitions in paragraph 1 before any party files a motion for injunctive relief. Notwithstanding anything in this paragraph, Farmers reserves the

right to seek full enforcement of the terms of the Corporate Agent Appointment Agreement referenced in the Complaint.

3. Within seven business days of this Order being entered, Defendants' counsel's computer forensic expert ("Expert") shall image the Defendants' laptop computer and external hard drive that contain all customer information to preserve a copy pending the completion of this litigation. Defendants, Defendants' counsel and their Expert shall then locate and permanently delete or destroy any Farmers' Information in Defendants' possession and/or on Defendants' laptop and external hard drive. Defendants' counsel and the Expert will work with Defendants to identify manually any Farmers' Information in Defendants' possession and/or on Defendants' electronic devices. Defendants' Expert shall permanently delete any such Farmers Information identified by the manual search. Defendant Mills shall provide an affidavit to Plaintiffs' counsel certifying that Defendants, their employees and agents, and all persons or entities under their direction or control have completed a reasonable search for Farmers' Information and have destroyed all Farmers' Information, if any, located in their possession. After completion of the manual identification process described above, Defendants' Expert will search live data files on all of Defendants' electronic devices, including computers that were not imaged, to identify any other Farmers Information not identified by the manual search. The parties shall agree on search terms for the Expert to use when searching the live data files. The Expert will permanently delete any Farmers Information identified by the search of the live data files. Defendants' counsel shall provide an affidavit to Plaintiffs' counsel certifying that Defendants' counsel assisted Defendants in completing a reasonable search for Farmers' Information and ensured the permanent deletion of that information with the assistance of the Expert. Defendants' counsel shall provide a list of any documents or files identified during the key word search that Defendants contend do not

contain Farmers Information under an outside attorney's eyes only designation. The parties shall meet and confer in good faith in an effort to reach agreement on whether the documents or files contain Farmers Information that should be deleted. Plaintiffs expressly agree to such actions, and that Plaintiffs may not use the fact of Defendants' deletion of Farmers' Information from their devices in any way against Defendants.  By way of example, and without limitation of the foregoing, Plaintiffs may not use the fact of Defendants' deletion of Farmers' Information under this Order as evidence of spoliation or to otherwise question Defendants' credibility.  Furthermore, deletion of any files shall not be considered or later argued to be an admission that the deleted files necessarily constitute "Farmers' Information."  Subject to any duty the Flanagan Mills Agency may have to preserve certain documents independent of this litigation, Defendants' counsel shall preserve any Farmers' Information collected as attorneys'-eyes-only until the earlier of further order of this Court or conclusion of this litigation, at which time any such information in Defendants' counsel's possession will be permanently deleted or destroyed.  If any documents arguably covered by the definition of "Farmers' Information" must be preserved after conclusion of the litigation, Defendants' counsel shall confer with Plaintiffs' counsel as necessary.

4. The Plaintiffs are excused from filing any bond herein.

5. Defendants' time to file an Answer and any Counterclaims and/or otherwise respond to the Complaint shall be extended until December 1, 2021.

**IT IS SO ORDERED.**

Dated this 17th day of September, 2021.

_____
Hon. Elizabeth A. Wolford,
Chief Judge
United States District Court